## United States District Court
## District of Massachusetts

|  |  |  |
|---|---|---|
| | ) | |
| **Alicia Schaefer,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **17-10238-NMG** |
| **Yongjie Fu and Trustees of** | ) | |
| **Boston University,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a physical altercation between two
students enrolled at Boston University ("BU" or "defendant").
Plaintiff Alicia Schaefer ("plaintiff" or "Schaefer") alleges
that individual defendant Yongjie, a/k/a Thomas, Fu ("Fu")
stalked and eventually assaulted her and that as a result, she
suffered serious physical injuries and emotional harm.  Schaefer
alleges that BU is blameworthy.

Pending before the Court is BU's motion to dismiss Counts
VI, VII and VIII of Schaefer's amended complaint for failure to
state a claim upon which relief can be granted.  For the reasons
that follow, the motion will be allowed, in part, and denied, in
part.

## I.    Background

In the 2012 fall semester, Thomas Fu and Alicia Schaefer became acquainted after enrolling in the same lecture course at Boston University.  In that class, Fu sat close to Schaefer, who subsequently moved her seat to avoid him.  Fu was purportedly often disruptive during lectures and Schaefer was told by one of her friends that Fu had attempted to force himself on her at a party.

From the spring 2013 semester through the fall 2013 semester, Fu exhibited behavior that made Schaefer feel uncomfortable.  He was allegedly aggressive, loud and confrontational during class, and he often attempted to sit close to Schaefer.  Fu allegedly attempted, on numerous occasions, to talk with Schaefer and, at one point, told Schaefer that she should be a Bose headphones model.  Schaefer spoke to two of her professors regarding Fu's classroom behavior and at least one of the professors indicated that she was familiar with Fu's antics.

On or about October 29, 2013, Schaefer was waiting in line at a campus dining hall when Fu stood in line behind her.  Fu attempted to place his order first but when Schaefer told him that it was not his turn, he allegedly began swearing at her. Schaefer picked up her sandwich and attempted to walk away but Fu body-checked her from behind, causing physical injuries to

Schaefer, including a concussion. Schaefer was later diagnosed with post-traumatic stress disorder resulting from the incident.

In October, 2016, plaintiff filed a complaint in the Massachusetts Superior Court for Suffolk County. She amended that complaint in January, 2017 and shortly thereafter, BU removed the case to federal court on federal question and supplemental jurisdiction grounds. Plaintiff's eight-count amended complaint contains four counts against Fu and four counts against BU. Plaintiff alleges intentional or reckless infliction of emotional distress (Count I), negligent infliction of emotional distress (Count II), battery (Count III) and assault (Count IV) against Fu. She alleges a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (Count V), a violation of Title IX, 20 U.S.C. §1681 (Count VI), a violation of M.G.L. c.214, §1(C) (Count VII) and negligence (Count VIII) against BU.

The following week, BU filed a motion to dismiss Counts VI, VII and VIII of plaintiff's amended complaint for failure to state a claim upon which relief can be granted. That motion is the subject of this memorandum.

## II.  Motion to Dismiss

### A.  Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

### B. Application

#### 1. Count VI: Violation of Title IX, 20 U.S.C. § 1681

Pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681–1688,

> [n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

To state a claim for harassment under Title IX, the alleged harassment must be

> so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

Porto v. Town of Tewksbury, 488 F.3d 67, 72 (1st Cir. 2007) (quoting Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 650 (1999)). Moreover, such harassment must actually be "based upon sex". Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 66 (1st Cir. 2002).

Here, plaintiff alleges that Fu interacted with her in a variety of ways, including inter alia, sitting near her in class, introducing himself to her at the dining hall and telling plaintiff she could be a headphone model. Most of those contacts were not, however, sexual in nature. Although Fu's comment alluding to plaintiff's appearance is "based upon sex,"

-5-

a single comment does not constitute severe sexual harassment.

See Hankey v. Town of Concord-Carlisle, 136 F. Supp. 3d 52, 67 (D. Mass. 2015) (holding that a single instance of "keying" a sex-based slur on plaintiff's car bumper is not "severe and pervasive sexual harassment, as required for a Title IX claim.").

Accordingly, Count VI will be dismissed for failure to state a claim upon which relief can be granted.

### 2. Count VII: Violation of M.G.L. c. 214, §1(C)

Plaintiff also has not alleged sufficient facts to state a claim for a violation of M.G.L. c. 214, §1(C).

That statute has not been interpreted as providing a cause of action for peer-on-peer sexual harassment, which is what is alleged in this case. Rather it creates a cause of action only in

> scenario[s] in which the institution itself, through
> its administrators or employees, acts as the harasser.

See Doe v. Town of Stoughton, No. 12-10467, 2013 WL 6498959, at *5 (D. Mass. Dec. 10, 2013).

Here, plaintiff's allegations demonstrate that she and Fu were peers. Although plaintiff alleges that at some point Fu was a teaching assistant at BU, she does not allege that he was ever her teaching assistant. Thus, plaintiff has not stated a claim for violation of M.G.L. c. 214, §1(C). See Doe, 2013 WL

6498959, at *5 (allowing defendant's motion for summary judgment on plaintiff's M.G.L. c. 214, §1(C) claim because the "allegations center only on the conduct of peers").

Accordingly, Count VII of plaintiff's amended complaint will be dismissed.

### 3. Count VIII: Negligence

BU is liable for negligence if 1) it owed plaintiff a duty of reasonable care, 2) it breached that duty, 3) plaintiff suffered damages and 4) those damagers were caused by its breach of the duty. Jorgensen v. Mass. Port Auth., 905 F.2d 515, 522 (1st Cir. 1990).

Defendant maintains that plaintiff has not alleged any duty to protect her from the alleged harassment and physical harm she suffered as a result of the altercation between her and Fu in the campus dining hall. Plaintiff responds that she told two professors about Fu's behavior which was sufficient to put BU on notice of the possibility that Fu would harm her.

In the university context, an institution has a duty to protect its students from harm when it could have foreseen that the institution

> would be expected to take affirmative action to
> protect the plaintiff and could anticipate harm to the
> plaintiff from the failure to do so.

Irwin v. Town of Ware, 467 N.E.2d 1292, 1300 (Mass. 1984)

Here, plaintiff alleges that she told two of her professors
about Fu's loud and disruptive behavior in class.  During one of
those conversations, plaintiff alleges that her professor stated
that other students and faculty members had also discussed Fu's
behavior.  Viewing those allegations in a light most favorable
to plaintiff, as the Court must, a reasonable inference can be
drawn that Fu's alleged verbal and physical harassment of
plaintiff was foreseeable and that the University should have
taken some action to prevent that harassment from occurring.
Thus, plaintiff has sufficiently alleged that BU owed a duty to
her to protect her from the harassment. Cf. Mullins v. Pine
Manor Coll., 449 N.E.2d 331, 335-36 (Mass. 1983) (holding that a
college owed a duty of reasonable care "to protect resident
students from foreseeable harm").

Because plaintiff has properly alleged a duty, the Court
will deny BU's motion to dismiss Count VIII.

**ORDER**

For the foregoing reasons, the motion to dismiss by defendant Trustees of Boston University (Docket No. 9) is, with respect to Counts VI and VII, **ALLOWED**, but is, with respect to Count VIII, **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2017