United States District Court
District of Massachusetts

| | |
|---|---|
| **Alicia Schaefer,**       )<br>                            )<br>        Plaintiff,          )<br>                            )<br>        v.                  )<br>                            )<br> **Yongjie Fu and Trustees of** )<br> **Boston University,**         )<br>                            )<br>        Defendants.         )<br>                            ) | Civil Action No.<br>17-10238-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a physical altercation between two students at Boston University ("BU" or "defendant"). Plaintiff Alicia Schaefer ("plaintiff" or "Schaefer") alleges that defendant Yongjie, a/k/a Thomas, Fu ("Fu") assaulted her resulting serious physical injuries and emotional harm to Ms. Schaefer.

Pending before the Court is plaintiff's motion to remand this case to state court.

**I.   Background**

In the 2012 fall semester, Thomas Fu and Alicia Schaefer became acquainted with each other after enrolling in the same lecture course at Boston University. According to Schaefer, Fu took a seat close to Schaefer but she subsequently moved her seat to avoid him. Fu was purportedly disruptive during

-1-

lectures and Schaefer was told by one of her friends that Fu had attempted to force himself on the friend at a party.

During the spring and fall semesters of 2013, Fu exhibited aggressive behavior toward Schaefer that made her uncomfortable. For example, Fu was allegedly loud and confrontational during class and he often attempted to sit close to Schaefer. He talked to her on numerous occasions and at one point told her that she should be a Bose headphones model. Schaefer spoke to two of her professors regarding Fu's classroom behavior and at least one of the professors indicated that she was familiar with Fu's antics.

On or about October 29, 2013, Schaefer was waiting in line at Breadwinners, a campus dining hall, when Fu stood behind her. Fu attempted to place his order first but when Schaefer told him that it was not his turn, he allegedly began swearing at her. Sometime thereafter, Schaefer picked up her sandwich and attempted to walk away from Fu. When she did so, Fu body-checked her from behind, knocking her down and causing her to sustain a concussion. Schaefer was later diagnosed with post-traumatic stress disorder as a result of the incident.

In October, 2016, plaintiff filed a complaint in the Massachusetts Superior Court for Suffolk County. That complaint was amended in January, 2017 and the following month, BU removed the case to federal court on federal question and supplemental

jurisdiction grounds.  Fu did not and has not consented to removal.

Plaintiff's eight-count amended complaint includes four counts against Fu and four counts against BU.  Plaintiff alleges intentional or reckless infliction of emotional distress (Count I), negligent infliction of emotional distress (Count II), battery (Count III) and assault (Count IV) against Fu.  She alleges a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (Count V), a violation of Title IX, 20 U.S.C. §1681 (Count VI), a violation of M.G.L. c.214, §1(C) (Count VII) and negligence (Count VIII) against BU.  In August, 2017, this Court allowed the motion of defendant Trustees of Boston University to dismiss with respect to Counts VI and VII but denied that motion with respect to Count VIII. See Schaefer v. Yongjie Fu, 272 F. Supp. 3d 285 (D. Mass. 2017).

## II. Motion to remand

Schaefer asserts that the removal was improper because defendant Fu did not consent to it.  Boston University responds that plaintiff has waived her right to object to removal and that the University did not need to obtain the consent of Fu prior to removing the case.

Unless expressly prohibited by a federal statute,

> any civil action brought in a State court of which the district courts of the United States have original

>     jurisdiction, may be removed by the defendant or the
>     defendants, to the district court of the United States for
>     the district and division embracing the place where such
>     action is pending.

28 U.S.C. § 1441(a).

Where there are multiple defendants, however, removal is subject to the "unanimity requirement." See Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900). In a multi-defendant civil action that is removed solely on the basis of § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal" of the action. 28 U.S.C. § 1446(b)(2)(A).

A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days" of the filing of the notice of removal. 28 U.S.C. § 1447(c). Failure to satisfy the unanimity requirement is not a "jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009) (citations omitted). After the 30-day period expires, "only if the district court lacks subject matter jurisdiction" must the case be remanded to state court. Samaan v. St. Joseph Hosp., 670 F.3d 21, 27 (1st Cir. 2012) (quoting 28 U.S.C. § 1447(c)).

Here, Boston University filed its notice of removal on February 14, 2017. Schaefer did not move to remand until

December 29, 2017, more than nine months after the time allotted for doing so had expired. In the meantime, Schaefer has participated in this litigation by opposing BU's motion to dismiss and appearing at a scheduling conference.

This Court has federal question jurisdiction over plaintiff's claim for violation of Section 504 of the Rehabilitation Act (Count V) and exercises its supplemental jurisdiction over plaintiff's claim for negligent hiring, supervision and retention (Count VIII). Accordingly, this Court possesses subject matter jurisdiction over plaintiff's surviving claims against Boston University and she has waived any alleged failure to satisfy the unanimity requirement by not objecting thereto within the statutorily required 30-day period. See id. Plaintiff's motion to remand will be denied.

Because the Court has found that plaintiff has waived her right to object to removal, it declines to address the issue of whether Fu's consent was required.

### III. Severance of claims against defendant Fu

Boston University contends that the Court lacks supplemental jurisdiction over the state law claims against Fu and requests that this court sever and remand those claims to state court. Schaefer maintains that the Court should exercise supplemental jurisdiction over those claims because they share a common nucleus of fact with the pending claims against Boston

University.  Fu submits that he did not consent to removal in the first place and therefore the claims against him properly remain in the Massachusetts court system.

A "district court shall sever . . . and shall remand the severed claims to the state court" all claims not within the original or supplemental jurisdiction of the court. 28 U.S.C. § 1441(c)(2).  Plaintiff's four common law claims against defendant Fu are not within this Court's original jurisdiction.  Accordingly, this Court must sever and remand those claims unless they fall within the supplemental jurisdiction of the court.

With limited exceptions, a district court exercising its original jurisdiction has supplemental jurisdiction over state law claims so integrally related to the original action "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Such a state law claim must arise under the same "common nucleus of operative fact" as a federal claim. Global Naps, Inc. v. Verizon New England, 603 F.3d 71, 86 (1st Cir. 2010) (citation omitted).

The claims against Fu and Boston University do not arise out of the same nucleus of operative facts.  The four claims against Fu arise out of an October, 2013, incident at a Boston University dining facility during which Fu allegedly assaulted Schaefer.  The Section 504 claim against BU, by contrast,

concerns requests for accommodations plaintiff made after the incident. It is unclear why there would be over-lapping testimony or discovery with respect to the two incidents. The facts necessary to prove Schaeffer's state law claim are not "practically the same" as those necessary to prove her Section 504 claim. See Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir. 1984). Accordingly, this Court declines to exercise supplemental jurisdiction over plaintiffs' four state law claims against defendant Fu.

Because the four claims against defendant Fu are neither within this Court's original nor supplemental jurisdiction, this Court will sever and remand those claims to state court.

### ORDER

For the foregoing reasons, the motion for remand by plaintiff Alicia Schaefer (Docker No. 31) is **DENIED**. Counts I, II, III and IV against defendant Yongie Fu a/k/a Thomas Fu are hereby severed and remanded to state court.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated June 21, 2018